18-3654-cr
United States v. Piper

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand twenty.

PRESENT:  BARRINGTON D. PARKER,
                  RAYMOND J. LOHIER, JR.,
                          *Circuit Judges*,
                  RICHARD K. EATON,*
                          *Judge*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,

            *Appellee*,

        v.                                                              No. 18-3654-cr

DUSTIN LEE PIPER,

---

* Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

*Defendant-Appellant*.

-------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:      EDWARD S. ZAS, Federal Defenders of New York, New York, NY.

FOR APPELLEE:      JONATHAN E. ALGOR, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the case is REMANDED for further proceedings consistent with this order.

Defendant Dustin Lee Piper pleaded guilty to, and was convicted of, one count of knowingly accessing, with intent to view, child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The District Court sentenced Piper principally to a term of forty-two months' imprisonment and five years of supervised release.

Piper argues that remand for resentencing is warranted because the District Court committed error in three respects.

First, Piper argues, and the United States concedes, that the Government erred in stating the statutory maximum for his crime. In both the Presentence Report and at the plea hearing, the statutory range was stated to be 0-20 years when, in fact, it was 0-10 years.

Next, Piper argues, and the United States concedes, that the District Court, in its written judgment of conviction and sentence, mistakenly imposed the outdated November 2015 version of the standard conditions for Piper's supervised release, instead of the applicable November 2016 version.

Finally, Piper objects to two of the special conditions imposed by the District Court at sentencing. Special condition "3" states that Piper "shall not associate with children under the age of 18, unless a responsible adult is present and he has prior approval from the Probation Department." Special condition "8" requires Piper to "notify [his] employer of [his] Internet-related child pornography offense, if [his] job requires computer access with Internet capability in a private setting, or if the job caters to or employs minors." Piper contends that the special conditions

3

amount to an occupational restriction and that the District Court erred by not adequately explaining its reasoning for these two conditions. Prior to his conviction, Piper was an art teacher at a youth development organization.

A district court may impose an occupational restriction only if it

> determines that: (1) a reasonably direct relationship existed between the defendant's occupation . . . and the conduct relevant to the offense of conviction; and (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted.

U.S. Sentencing Guidelines Manual § 5F1.5(a) (U.S. Sentencing Comm'n 2016). In general, a district court must determine and articulate the reasonable necessity of any special condition "unless obvious from the record." United States v. Bleau, 930 F.3d 35, 43 (2d Cir. 2019).

Although the District Court stated that it found the special conditions to be necessary based on Piper's crime, history, and characteristics, we find that the District Court did not adequately explain the grounds for its determination that special conditions "3" and "8" were necessary under U.S.S.G. § 5F1.5(a). Therefore, we remand pursuant to the procedure set out in United States v.

4

Jacobson, 15 F.3d 19, 21–22 (2d Cir. 1994), so that the District Court may consider and provide a reasoned explanation as to (1) the relationship between Piper's occupation and the conduct relevant to his conviction offense, and (2) whether special conditions "3" and "8" were reasonably necessary to protect the public.

Further, because we remand with respect to the special conditions, on remand the District Court should also determine and explain whether it would have imposed the same sentence absent the statutory range error and address whether the standard conditions were correctly imposed.

For the foregoing reasons, the case is REMANDED to the District Court for further proceedings consistent with this order. Piper may then restore jurisdiction to this Court within thirty days of the entry of a final order by letter to the Clerk's Office (attaching a copy of the relevant order) advising the Clerk that the appeal should be reinstated. In that event, no new notice of appeal or additional filing fee will be required. Any reinstated appeal will be assigned to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5